1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
2    Bruce E Van Dalsem (Bar No. 124128)
     brucevandalsem@quinnemanuel.com
3  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
4  Telephone:  (213) 443 3000
5  Facsimile:   (213) 443 3100

6    Diane M. Doolittle (Bar No. 142046)
7    dianedoolittle@quinnemanuel.com
8  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
9  Telephone: (650) 801-5000
10 Facsimile: (650) 801-5100

11              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
12

13 | AMBER DOE, | Case No. 2:23-cv-02280-MEMF-SK |
14 | | |
   | Plaintiff, | Hon. Maame Ewusi-Mensah Frimpong |
15 | | Referral: Hon. Steve Kim |
   | v. | |
16 | | **DEFENDANT MICHAEL LEWIS** |
17 | MICHAEL LEWIS GOGUEN et al., | **GOGUEN'S *EX PARTE*** |
   | | **APPLICATION FOR ORDER** |
18 | Defendants. | **SEALING THE COMPLAINT [ECF** |
19 | | **NO. 1]** |
20 | | [[Proposed] Order and Declaration of |
21 | | Kyle Batter submitted concurrently |
22 | | herewith] |
23
24
25
26
27
28

### ***EX PARTE* APPLICATION**

### **TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7-19, Defendant Michael Lewis Goguen, hereby applies *ex parte* for an order sealing the Complaint (ECF No. 1) filed by Plaintiff Amber Baptiste, styled in the Complaint as "Amber Doe." This application is made on the grounds that compelling reasons exists to seal the Complaint under applicable law, including that its contents violate the express terms of an active Civil Harassment Restraining Order issued by the San Mateo Superior Court on March 6, 2023 (the "Restraining Order"). *See* Declaration of Kyle Batter, Exhibit A. The Restraining Order expressly prohibits Baptiste from repeating certain enumerated categories of statements previously ruled to be false and defamatory concerning Mr. Goguen. As further set forth in the Memorandum of Points and Authorities below, the Complaint contains numerous statements in clear violation of the Restraining Order. The presumption of public access attached to a pleading is overridden where, as here, the "files might have become a vehicle for improper purposes," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), or are used to "promote public scandal, circulate libelous statements, or release trade secrets," *Johnson v. Cnty of San Bernardino*, 2021 WL 9720772, at *1 (C.D. Cal. Mar. 30, 2021) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

This *ex parte* application is made following numerous harassing emails from Baptiste in violation of the Restraining Order, including sending copies of the Complaint to numerous individuals in violation of the Restraining Order. Counsel contacted Baptiste regarding her violations of the Restraining Order and provided notice of this *ex parte* application pursuant to Local Rule 7-19, using the email address listed on the Complaint. Baptiste has not responded as of the time of filing, but presumably opposes. *See* Declaration of Kyle Batter, ¶ 9 & Ex. F.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: April 5, 2023

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By */s/ Diane M. Doolittle*
    *Attorneys for Defendant Michael Lewis*
    *Goguen*

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES .............................................. 1

PRELIMINARY STATEMENT ................................................................................ 1

BACKGROUND ....................................................................................................... 2

ARGUMENT ............................................................................................................. 4

CONCLUSION .......................................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

## Cases

*Cat Coven LLC v. Shein Fashion Grp., Inc.*,
2019 WL 10856813 (C.D. Cal. Dec. 20, 2019) ............................................ 1, 4, 7

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) .................................................................................... 4

*Geo-Logic Assocs., Inc. v. Metal Recovery Sols.*,
2020 WL 1469483 (D. Nev. Mar. 26, 2020) ........................................... 4

*Hagestad v. Tragesser*,
49 F.3d 1430 (9th Cir. 1995) .............................................................. 5, 6

*Johnson v. Cnty of San Bernardino*,
2021 WL 9720772 (C.D. Cal. Mar. 30, 2021) ................................... i, 4, 7

*Kamakana v. City & Cnty. of Honolulu*,
447 F.3d 1172 (9th Cir. 2006) ........................................................ i, 4, 5

*Nixon v. Warner Commc'ns, Inc.*,
435 U.S. 589 (1978) .................................................................... i, 1, 4, 7

## Rules and Regulations

Local Rule 7-19 ........................................................................................ i

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

This purported lawsuit is the latest in a long line of harassing and vexatious proceedings brought by Amber Baptiste (presenting herself to this Court under the pseudonym "Amber Doe") against Michael Goguen.  Mr. Goguen respectfully requests that the Court issue an Order sealing Baptiste's March 28, 2023 Complaint (ECF Dkt. No. 1).  This relief is necessary and appropriate because the Complaint constitutes a clear violation of the March 6, 2023 Civil Harassment Restraining Order issued by the Superior Court of California, San Mateo County (the "Restraining Order"), which enjoins Baptiste from making eighteen defined categories of "false and defamatory statements, under her own name or under any pseudonym" that she had previously made against Mr. Goguen.[1]  To be sure, this civil action is substantively and procedurally deficient on numerous grounds and, whether by motion, order to show cause, or *sua sponte* action from the Court, is likely to be dismissed in due course.  Indeed, as established by the final judgment entered in the San Mateo court proceedings, the claims Baptiste attempts to state in the instant Complaint have been definitively resolved against her. Clear lack of merit aside, the very existence of Baptiste's Complaint on this Court's public docket—broadcasting salacious, false, defamatory, and debunked allegations concerning Mr. Goguen and more than 150 other named defendants—will cause, and is causing, irreparable harm to Mr. Goguen.  An Order sealing Baptiste's Complaint will alleviate that harm and is supported by "compelling reasons" sufficient to seal a pleading.  "Compelling reasons to seal are generally found where documents, if made part of the public record, 'might … become a vehicle for improper purposes.'" *Cat Coven LLC v. Shein Fashion Grp., Inc.* 2019 WL 10856813, at *1 (C.D. Cal. Dec. 20, 2019) (quoting

---

[1]   A copy of the Restraining Order is attached as Exhibit A to the Declaration of Kyle Batter ("Batter Declaration"), filed concurrently herewith.

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Baptiste's outright violation of the Restraining Order is such an "improper purpose" that justifies relief.

## BACKGROUND

On March 8, 2016, Baptiste filed a lawsuit in the San Mateo Superior Court against Mr. Goguen for breach of contract. Batter Decl. ¶ 4. During that lawsuit, Baptiste asserted, among other things, that Mr. Goguen was allegedly engaged in human trafficking, that he allegedly sexually assaulted her and others, and that he allegedly conspired to commit "murder for hire." *Id.* On March 14, 2016, Mr. Goguen filed a cross-complaint for, among other things, extortion, fraud, and a civil restraining order against Baptiste. *Id.* On September 12, 2019, Baptiste's complaint was dismissed in its entirety because Baptiste "failed to comply with numerous discovery orders" and "Baptiste's failures were willful." *See id.*, Ex. B, at 30. Mr. Goguen's cross claims went forward to trial on October 29, 2019 before the Honorable Danny Y. Chou. Following a complete trial on the merits, the San Mateo Superior Court issued its Final Statement of Decision on January 24, 2020, finding that Baptiste extorted and defrauded Mr. Goguen for $40 million ($10 million of which Goguen had paid). *See id.*, Ex. C, at 38-39 (Final Statement of Decision). The San Mateo Superior Court also found in Mr. Goguen's favor on his claim for the issuance of a civil harassment restraining order, in which the Court ordered that Baptiste was restrained "from repeating [eighteen enumerated] false and defamatory statements." *Id.* at 39-40. On March 6, 2023, following Mr. Goguen's application to renew and extend the civil harassment restraining order, and for good cause shown, the San Mateo Superior Court issued the Restraining Order. *See id.*, Ex. A.

The Restraining Order prohibits Baptiste from falsely alleging that: (1) Goguen purchased Baptiste when she was a young girl from an organized crime syndicate;(2) Goguen raped, sodomized, or abused Baptiste or any other women; (3) Goguen infected Baptiste or any other women with a sexually transmitted disease, including HPV; (4) Goguen kept Baptiste as a sex slave; (5) Goguen tore, ruptured, or perforated

Baptiste's anal canal during sex, or that he left her bleeding and unable to evacuate her bowels; (6) Goguen stalked or harassed Baptiste or any other persons; (7) Goguen engaged in human trafficking, sex trafficking, sex slavery, or child sex tourism; (8) Goguen is a pedophile, psychopath, pervert, or sexual deviant; (9) Goguen forced numerous women to have abortions; (10) Goguen committed or solicited murder; (11) Goguen bribed the Court, attorneys, or law enforcement; (12) Goguen tampered with evidence to hide his crimes; (13) Goguen married multiple prostitutes; (14) Goguen committed tax evasion or tax fraud; (15) Goguen silenced victims through nondisclosure agreements or any other means; (16) Jamie Goguen is a prostitute; (17) Jamie Goguen cyberbullies Baptiste or any other rape or trafficking victim; and (18) Jamie Goguen instructs her friends to make false social media posts about Baptiste. *Id.* at "Attachment 11."

On October 13, 2022, Baptiste filed a "Motion to Vacate Default and Default Judgment" in the San Mateo Superior Court which, like the Complaint in this action, was a more than 1,000 page document aggregating and repeating numerous false allegations about Mr. Goguen that violated the Restraining Order and which had already been determined to be false and defamatory.  Batter Decl. ¶ 7.  Following an application by Mr. Goguen to seal that filing as a violation of the Restraining Order, the San Mateo Superior Court issued an order sealing portions of the filing on January 6, 2023. *See id.* Ex. D.

The Complaint in this action was filed on March 28, 2023, only weeks after the San Mateo court granted Mr. Goguen's application for the renewed Restraining Order. *See* ECF Dkt. No. 1.  This retaliatory 1,753-page *pro se* filing purports to bring claims against more than 150 named defendants including Mr. Goguen, several of Mr. Goguen's companies, Judge Danny Y. Chou of the San Mateo Superior Court, numerous other San Mateo county judges who issued orders against Baptiste, multiple law firms and individual lawyers associated with Baptiste's previous legal actions, the United States of America, the State of California, and a host of unrelated

corporations and executives including Microsoft, Oracle, GMC, Apple, Kodak, Boeing, Honda Motor Company, Elon Musk, Bill Gates, and the World Bank. *See id.* at 3-19 (Caption).[2]  As set forth below, the Complaint and its attachments contain numerous false allegations about Mr. Goguen that are subject to the Restraining Order.  Since filing this Complaint, Baptiste has begun circulating it via email to dozens of individuals, further violating the Restraining Order and exacerbating the harm to Mr. Goguen.  *See* Batter Decl., ¶ 10 & Ex. G.

## ARGUMENT

Notwithstanding a general presumption of public access to judicial filings, it is "uncontested . . . that the right to inspect and copy judicial records is not absolute." *Nixon*, 435 U.S. at 598.  Rather, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes," including filings "used to gratify spite or promote public scandal." *Id.* (internal citations omitted).  This authority follows from the bedrock principle that "certain implied powers must necessarily result in our Courts of justice from the nature of their institution." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal citations omitted).  Where, as here, an application to seal concerns information in a pleading, courts apply the "compelling reasons" standard. *See, e.g., Geo-Logic Assocs., Inc. v. Metal Recovery Sols.,* 2020 WL 1469483, at *2 (D. Nev. Mar. 26, 2020).  Under that standard, a "party satisfies its burden for sealing documents … when the party presents compelling reasons supported by specific factual findings." *Cat Coven LLC*, 2019 WL 10856813, at *1 (internal citations omitted).  Compelling reasons "are generally found where documents, if made part of the public record, '***might … become a vehicle for improper purposes***,'" *Id.* (quoting

---

[2]   Because the Complaint does not use standardized paragraph numbers and because the size of the filing required the Clerk's office to docket it in multiple parts, pin cites to the Complaint refer to the "Page ID #:" automatically generated by the Court's ECF system.  All quotes from the Complaint are presented without "[sic]" indications.

*Nixon*, 435 U.S. at 598 (emphasis added)), or where the documents would "promote public scandal, **circulate libelous statements**, or release trade secrets," *Johnson v. Cnty of San Bernardino*, 2021 WL 9720772, at *1 (C.D. Cal. Mar. 30, 2021) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (emphasis added)).  A court must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture," but the decision on whether to seal remains "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (internal citations omitted).

Baptiste's[3]  Complaint  contains  a  litany  of  allegations  (in  addition  to photographs, text messages, and emails—annotated with further false allegations concerning Mr. Goguen) that clearly violate the Restraining Order.

- Whereas the Restraining Order prohibits Batiste from asserting that Mr. Goguen "raped, sodomized, or abused Baptiste or any other women," (Ex. A, at 8) the Complaint asserts that: "[h]e has caused severe and irreparable injury to Ambers body on multiple occasions" (ECF Dkt. No. 1, at 59); "he is a rapist and a psycho path" (*id.* at 64-65); "Goguen said he wanted forgiveness for all the rape abuse and disease" (*id.* at 68).

- Whereas the Restraining Order prohibits Baptiste from asserting that Mr. Goguen "kept Baptiste as a sex slave," (Ex. A, at 8) the Complaint asserts that: "Goguen knew that he would engage in fraudulent Drugging and raping amber and luring her into Goguen Sex enterprise as his sex slave"

---

[3]   There is no material dispute that the Plaintiff in this case, self-styled as "Amber Doe," is Baptiste.  The email address and mailing address provided for Plaintiff "Amber Doe" are addresses used by Amber Baptiste in the San Mateo Superior Court case.  *See* Batter Declaration ¶ 8 & Ex. E.  Additionally, although Baptiste omits her last name in the portions of the Complaint she appears to have written and the case caption,  the  name  "Amber  Baptiste"  appears  across  the  Complaint  and  its attachments.  *See, e.g.*, ECF Dkt. No. 1 at 526, 528, 1274, 1304, 1324, 1330.

(ECF Dkt No. 1, at 178); "Goguen Knew her would convert Ambers naivety and innocence into rape and sexual slavery" (*id.* at 179), and; "Goguen began grooming her to be is sex slave in his self proclaimed harem" (*id.* at 180).

- Whereas the Restraining Order prohibits Baptiste from asserting that Mr. Goguen "engaged in human trafficking, sex trafficking, sex slavery, or child sex tourism," (Ex. A, at 8) the Complaint asserts that: "The Gang and Michael L. Goguen … were the original traffickers" (ECF Dkt. No. 1,  at 55); "Goguen[,] a Sex trafficker by the very definition[,] has thousands of girls and women transported around the world for the purposes of rape, commercial sex acts, sexual abuse and intentionally inflects his slaves with his STDs" (*id.* at 59); "Michael Goguen is a SEX TRAFFICKER" (*id.* at 60), and; "Amber is currently being trafficked and stalked by all of Goguens lawyers agents and associates" (*id.* at 69).

- Whereas the Restraining Order prohibits Baptiste from asserting that Mr. Goguen "committed or solicited murder," (Ex. A, at 8) the Complaint asserts that: "Michael Goguen solicited Matthew Marshall first for Amber's murder" (ECF Dkt. No. 1, at 87); Goguen "[p]lans to murder Nash" (*id.* at 341), and; "He is a rapist a trafficker a pedophile and a serial rapist and a murderer" (*id.* at 84).

- Whereas the Restraining Order prohibits Baptiste from asserting that Mr. Goguen "bribed the court, attorneys or law enforcement," (Ex. A, at 8) the Complaint asserts that: "[police] take bribes from Michael Goguen" (ECF Dkt. No. 1,  at 40); "Michael Goguen believe he can just pay and make every crime co commits be covered up by government authorities" (*id.* at 68), and; "I do not know how much bribe money has been paid by Goguen … to witnesses" (*id.* at 90).

- And, whereas the Restraining Order prohibits Baptiste from asserting

that Mr. Goguen "tampered with evidence to hide his crimes," (Ex. A, at 8) the Complaint Asserts that: "Amber does not know why Michael Goguen and his agents are tampering with Terrorism lists and US immigration the CIA the FBI and the Police" (ECF Dkt. No. 1, at 79).

These are just a few of the ***hundreds*** of false and defamatory statements in Baptiste's Complaint that are expressly enjoined by the Restraining Order.  For the avoidance of any doubt, all of these claims are false.  But what matters for purposes of this application to seal is that they are improper, libelous, and outright prohibited by the Restraining Order.  Sealing the Complaint is necessary to prevent Baptiste from using the power of this Court's public docket to spread incendiary claims that have already been determined to be false and defamatory.  Prohibiting Baptiste from openly flouting the Restraining Order with such claims constitutes a "compelling reason" to seal.  *See Johnson*, 2021 WL 9720772, at *1; *Kamakana* 447 F.3d at 1179; *Cat Coven LLC*, 2019 WL 10856813, at *1; *Nixon*, 435 U.S. at 598.

The Superior Court in San Mateo granted a request sealing harassing information in Baptiste's similar filing from October 13, 2022.  *See* Batter Decl., Ex. D (January 6, 2023 Order).  Here too, the Complaint should be sealed because there is no public right of access to documents filed for an improper purpose.  *See Nixon*, 435 U.S. at 598.  To the extent the Court may elect to order Baptiste or Mr. Goguen to later file under seal with proposed redactions, Mr. Goguen respectfully requests that the Court issue an interim Order sealing the Complaint in its entirety while any such process is pending to avoid the irreparable harm that will further result from the ongoing public dissemination of this defamatory filing.

## <u>CONCLUSION</u>

For the foregoing reasons, Mr. Goguen respectfully requests that the Court grant this *ex parte* application to seal the Complaint and direct the Clerk of Court to seal ECF Dkt. No. 1.

1   DATED: April 5, 2023

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By: */s/ Diane M. Doolittle*
   Diane M. Doolittle
   *Attorneys for Defendant Michael Lewis*
   *Goguen*