QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Bruce E Van Dalsem (Bar No. 124128)
  brucevandalsem@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443 3000
Facsimile:    (213) 443 3100

  Diane M. Doolittle (Bar No. 142046)
  dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER DOE,<br><br>          Plaintiff,<br><br>     v.<br><br>MICHAEL LEWIS GOGUEN et al.,<br><br>          Defendants. | Case No. 2:23-cv-02280-MEMF-SK<br><br>Hon. Maame Ewusi-Mensah Frimpong<br>Referral: Hon. Steve Kim<br><br>**DEFENDANT MICHAEL LEWIS GOGUEN'S APPLICATION FOR LEAVE TO FILE UNREDACTED VERSION OF THE COMPLAINT IN COMPLIANCE WITH COURT ORDER (ECF NO. 9)**<br><br>[Filed concurrently with the Declaration of Kyle Batter and Proposed Order] |

## APPLICATION FOR LEAVE TO FILE UNREDACTED VERSION OF THE COMPLAINT IN COMPLIANCE WITH COURT ORDER (ECF NO. 9)

### PRELIMINARY STATEMENT

Amber Baptiste filed her Complaint in this action on March 28, 2023.  (ECF No. 1.)  On April 5, Goguen filed an *ex parte* application to have Baptiste's Complaint sealed on the basis that it violates the San Mateo Superior Court's Civil Harassment Restraining Order issued against Baptiste, and which enjoins Baptiste from repeating false and defamatory statements that she had previously made concerning Goguen. (ECF No. 5.)   On April 6, this Court issued an Order (1) provisionally granting Goguen's *ex parte* application, (2) directing the Clerk of the Court to file Baptiste's Complaint under seal, and (3) ordering Goguen to "file a Redacted version of the Complaint together with an Application for Leave to File the Unredacted version of the Complaint under seal in accordance with Local Rule 79-5.2." (ECF No. 9.)  The Court's Order directed Goguen to "redact [from the Complaint] references to any statements that are the subject of the civil harassment restraining order issued by the San Mateo County Superior Court on March 6, 2023, as well as any sexually explicit or salacious images."  (*Id.*)   Consistent with that Order, Goguen hereby files this application under Local Rule 79-5.2, along with a declaration, proposed order, and a redacted version of Baptiste's Complaint.  Goguen's redactions are consistent with those approved by the San Mateo Superior Court.

Goguen respectfully requests that the Court (1) grant this application, (2) keep Baptiste's Complaint under seal, and (3) accept Goguen's submission of a redacted version of Baptiste's Complaint.

### BACKGROUND

On March 8, 2016, Baptiste filed a lawsuit in the San Mateo Superior Court against Goguen for breach of contract.  (Declaration of Kyle Batter filed herewith, ¶ 3.)  During that lawsuit, Baptiste asserted, among other things, that Goguen was

allegedly engaged in human trafficking, that he allegedly sexually assaulted her and others, and that he allegedly conspired to commit "murder for hire." (*Id.*) On March 14, 2016, Goguen filed a cross-complaint for, among other things, extortion, fraud, and a civil restraining order against Baptiste. (*Id.*) On September 12, 2019, Baptiste's complaint was dismissed in its entirety because Baptiste "failed to comply with numerous discovery orders" and "Baptiste's failures were willful." (*Id.*, Ex. B at 30.) Goguen's cross claims went forward to trial on October 29, 2019 before the Honorable Danny Y. Chou.  Following a complete trial on the merits, the San Mateo Superior Court issued its Final Statement of Decision on January 24, 2020, finding that Baptiste extorted and defrauded Goguen for $40 million ($10 million of which he had paid). (*Id.*, Ex. C, at 38-39.)  The San Mateo Superior Court also found in Goguen's favor on his claim for the issuance of a civil harassment restraining order, in which the Court ordered that Baptiste was restrained "from repeating [eighteen enumerated] false and defamatory statements." (*Id.* at 39-40.)  On March 6, 2023, following Goguen's application to renew and extend the civil harassment restraining order, and for good cause shown, the San Mateo Superior Court issued a renewed restraining order (the "Restraining Order"). (*Id.*, Ex. A.)

The Restraining Order prohibits Baptiste from falsely alleging that: (1) Goguen purchased Baptiste when she was a young girl from an organized crime syndicate;(2) Goguen raped, sodomized, or abused Baptiste or any other women; (3) Goguen infected Baptiste or any other women with a sexually transmitted disease, including HPV; (4) Goguen kept Baptiste as a sex slave; (5) Goguen tore, ruptured, or perforated Baptiste's anal canal during sex, or that he left her bleeding and unable to evacuate her bowels; (6) Goguen stalked or harassed Baptiste or any other persons; (7) Goguen engaged in human trafficking, sex trafficking, sex slavery, or child sex tourism; (8) Goguen is a pedophile, psychopath, pervert, or sexual deviant; (9) Goguen forced numerous women to have abortions; (10) Goguen committed or solicited murder; (11) Goguen bribed the Court, attorneys, or law enforcement; (12) Goguen tampered with

1  evidence to hide his crimes; (13) Goguen married multiple prostitutes; (14) Goguen

2  committed tax evasion or tax fraud; (15) Goguen silenced victims through

3  nondisclosure agreements or any other means; (16) Jamie Goguen is a prostitute; (17)

4  Jamie Goguen cyberbullies Baptiste or any other rape or trafficking victim; and (18)

5  Jamie Goguen instructs her friends to make false social media posts about Baptiste.

6  (*Id.* at Attachment 11.)

7       On October 13, 2022, Baptiste filed a "Motion to Vacate Default and Default

8  Judgment" in the San Mateo Superior Court which, like the Complaint in this action,

9  was a more than 1,000-page document aggregating and repeating numerous false

10  allegations about Goguen that violated the restraining order and which had already

11  been determined to be false and defamatory.  (Batter Decl. ¶ 6.)  Following an

12  application by Goguen to seal that filing as a violation of the restraining order, the

13  San Mateo Superior Court issued an order sealing portions of the filing on January 6,

14  2023.  (*Id.*, Ex. D.)

15       The Complaint in this action was filed on March 28, 2023, only weeks after the

16  San Mateo court granted Goguen's application for the renewed Restraining Order.

17  (ECF No. 1.)  Baptiste's retaliatory 1,753-page *pro se* filing purports to bring claims

18  against more than 150 named defendants including Goguen, Judge Danny Y. Chou of

19  the San Mateo Superior Court, numerous other San Mateo county judges, multiple

20  law firms and lawyers associated with Baptiste's previous legal actions, the United

21  States of America, the State of California, and a host of unrelated corporations and

22  executives including Microsoft, Oracle, GMC, Apple, Kodak, Boeing, Honda, Elon

23  Musk, Bill Gates, and the World Bank.  (*See id.* at 3-19 (Caption).)  The Complaint

24  and its attachments contain numerous false allegations about Goguen that are subject

25  to the Restraining Order.  Since filing this Complaint, Baptiste has begun circulating

26  it via email to dozens of individuals, further violating the Restraining Order and

27  exacerbating the harm to Goguen.  (Batter Decl., ¶ 8 & Ex. F.)

28

1

## **ARGUMENT**

2      Notwithstanding a general presumption of public access to judicial filings, it is

3  "uncontested . . . that the right to inspect and copy judicial records is not absolute."

4  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  Rather, "[e]very court

5  has supervisory power over its own records and files, and access has been denied

6  where court files might have become a vehicle for improper purposes," including

7  filings "used to gratify spite or promote public scandal."  *Id.* (internal citations

8  omitted).  This authority follows from the bedrock principle that "certain implied

9  powers must necessarily result in our Courts of justice from the nature of their

10  institution." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal citations

11  omitted).  Where, as here, an application to seal concerns information in a pleading,

12  courts apply the "compelling reasons" standard.  *See, e.g., Geo-Logic Assocs., Inc. v.*

13  *Metal Recovery Sols.,* No. 3:20-cv-00180-MMD-WGC, 2020 WL 1469483, at *2 (D.

14  Nev. Mar. 26, 2020).  Under that standard, a "party satisfies its burden for sealing

15  documents … when the party presents compelling reasons supported by specific

16  factual findings." *Cat Coven LLC*, 2019 WL 10856813, at *1 (internal citations

17  omitted).  Compelling reasons "are generally found where documents, if made part of

18  the public record, '***might*** … ***become a vehicle for improper purposes***,'" *Id.* (quoting

19  *Nixon*, 435 U.S. at 598 (emphasis added)), or where the documents would "promote

20  public scandal, ***circulate libelous statements***, or release trade secrets," *Johnson v.*

21  *Cnty of San Bernardino*, 2021 WL 9720772, at *1 (C.D. Cal. Mar. 30, 2021) (quoting

22  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)

23  (emphasis added)).  A court must "articulate the factual basis for its ruling, without

24  relying on hypothesis or conjecture," but the decision on whether to seal remains "one

25  best left to the sound discretion of the trial court, a discretion to be exercised in light

26  of the relevant facts and circumstances of the particular case." *Hagestad v. Tragesser*,

27  49 F.3d 1430, 1434 (9th Cir. 1995) (internal citations omitted).

28

Baptiste's[1] Complaint contains a litany of allegations (in addition to photographs, text messages, and emails—annotated with further false allegations concerning Goguen) that clearly violate the Restraining Order.

- Whereas the Restraining Order prohibits Batiste from asserting that Goguen "raped, sodomized, or abused Baptiste or any other women," (Ex. A, at 8) the Complaint asserts that: "[h]e has caused severe and irreparable injury to Ambers body on multiple occasions" (ECF No. 1, at 59); "he is a rapist and a psycho path" (*id.* at 64-65); "Goguen said he wanted forgiveness for all the rape abuse and disease" (*id.* at 68).

- Whereas the Restraining Order prohibits Baptiste from asserting that Goguen "kept Baptiste as a sex slave," (Ex. A, at 8) the Complaint asserts that: "Goguen knew that he would engage in fraudulent Drugging and raping amber and luring her into Goguen Sex enterprise as his sex slave" (ECF No. 1, at 178); "Goguen Knew her would convert Ambers naivety and innocence into rape and sexual slavery" (*id.* at 179), and; "Goguen began grooming her to be is sex slave in his self proclaimed harem" (*id.* at 180).

- Whereas the Restraining Order prohibits Baptiste from asserting that Goguen "engaged in human trafficking, sex trafficking, sex slavery, or child sex tourism," (Ex. A, at 8) the Complaint asserts that: "The Gang and Michael L. Goguen … were the original traffickers" (ECF No. 1, at 55); "Goguen[,] a Sex trafficker by the very definition[,] has thousands

---

[1]   There is no material dispute that the Plaintiff in this case, self-styled as "Amber Doe," is Baptiste.  The email address and mailing address provided for Plaintiff "Amber Doe" are addresses used by Amber Baptiste in the San Mateo Superior Court case.  *See* Batter Declaration ¶ 8 & Ex. E.  Additionally, although Baptiste omits her last name in the portions of the Complaint she appears to have written and the case caption, the name "Amber Baptiste" appears across the Complaint and its attachments.  *See, e.g.*, ECF No. 1 at 526, 528, 1274, 1304, 1324, 1330.

of girls and women transported around the world for the purposes of rape, commercial sex acts, sexual abuse and intentionally inflects his slaves with his STDs" (*id.* at 59); "Michael Goguen is a SEX TRAFFICKER" (*id.* at 60), and; "Amber is currently being trafficked and stalked by all of Goguens lawyers agents and associates" (*id.* at 69).

- Whereas the Restraining Order prohibits Baptiste from asserting that Goguen "committed or solicited murder," (Ex. A, at 8) the Complaint asserts that: "Michael Goguen solicited Matthew Marshall first for Amber's murder" (ECF No. 1, at 87); Goguen "[p]lans to murder Nash" (*id*. at 341), and; "He is a rapist a trafficker a pedophile and a serial rapist and a murderer" (*id.* at 84).

- Whereas the Restraining Order prohibits Baptiste from asserting that Goguen "bribed the court, attorneys or law enforcement," (Ex. A, at 8) the Complaint asserts that: "[police] take bribes from Michael Goguen" (ECF No. 1,  at 40); "Michael Goguen believe he can just pay and make every crime co commits be covered up by government authorities" (*id.* at 68), and; "I do not know how much bribe money has been paid by Goguen … to witnesses" (*id.* at 90).

- And, whereas the Restraining Order prohibits Baptiste from asserting that Goguen "tampered with evidence to hide his crimes," (Ex. A, at 8) the Complaint Asserts that: "Amber does not know why Michael Goguen and his agents are tampering with Terrorism lists and US immigration the CIA the FBI and the Police" (ECF No. 1, at 79).

These are just a few of the ***hundreds*** of false and defamatory statements in Baptiste's Complaint that are expressly enjoined by the Restraining Order.  For the avoidance of any doubt, all of these claims are false.  But what matters for purposes of this application is that they are improper, libelous, and outright prohibited by the Restraining Order.  Sealing the Complaint is necessary to prevent Baptiste from using

the power of this Court's public docket to spread incendiary claims that have already been determined to be false and defamatory.   Prohibiting Baptiste from openly flouting the Restraining Order with such claims constitutes a "compelling reason" to seal.  *See Johnson*, 2021 WL 9720772, at *1; *Kamakana* 447 F.3d at 1179; *Cat Coven LLC*, 2019 WL 10856813, at *1; *Nixon*, 435 U.S. at 598.

The Superior Court in San Mateo granted a request sealing harassing information in Baptiste's similar filing from October 13, 2022.  (Batter Decl., Ex. D.) Here too, the Complaint should be sealed because there is no public right of access to documents filed for an improper purpose.  *See Nixon*, 435 U.S. at 598.

## CONCLUSION

For the foregoing reasons, Goguen respectfully requests that the Court grant this application, keep Baptiste's Complaint under seal, and accept Goguen's submission of a redacted version of Baptiste's Complaint, which is attached to the Batter Declaration as Exhibit G.


DATED: April 13, 2023                    QUINN EMANUEL URQUHART &
                                                          SULLIVAN, LLP


                                                          By: */s/ Diane M. Doolittle*
                                                                Diane M. Doolittle
                                                                *Attorneys for Defendant Michael Lewis*
                                                                *Goguen*