1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
2    Bruce E Van Dalsem (Bar No. 124128)
     brucevandalsem@quinnemanuel.com
3  865 South Figueroa Street, 10th Floor
4  Los Angeles, California 90017-2543
   Telephone:  (213) 443 3000
5  Facsimile:   (213) 443 3100

6
     Diane M. Doolittle (Bar No. 142046)
7    dianedoolittle@quinnemanuel.com
8  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
9  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
10

11              UNITED STATES DISTRICT COURT
12              CENTRAL DISTRICT OF CALIFORNIA

13 | AMBER DOE, | Case No. 2:23-cv-02280-MEMF-SK
---|---|---
14 | | 
15 | Plaintiff, | Hon. Maame Ewusi-Mensah Frimpong
16 | v. | Referral: Hon. Steve Kim
17 | MICHAEL LEWIS GOGUEN et al., | **DEFENDANT MICHAEL LEWIS GOGUEN'S *EX PARTE* APPLICATION FOR ORDER SEALING AMBER DOE'S APRIL 17, 2023 *EX PARTE* TRO APPLICATION & DECLARATION [ECF NOS. 13 & 14]**
18 | Defendants. | 
   | | [[Proposed] Order and Declaration of Kyle Batter submitted concurrently herewith]

Case No. 2:23-cv-02282-MEMF-SK
DEFENDANT MICHAEL LEWIS GOGUEN'S *EX PARTE* APPLICATION TO SEAL TRO APPLICATION

# *EX PARTE* APPLICATION

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7-19, Defendant Michael Lewis Goguen, hereby applies *ex parte* for an order sealing Plaintiff Amber Doe's April 17, 2023 "Notice of Ex-Parte Application and Ex-Parte Application for Temporary Restraining Order and Order To Show Pending Preliminary Injunction Pending Trial" (ECF No. 13) and the accompanying Declaration of Amber Baptiste (ECF No. 14) (together, "The Baptiste TRO Application"). This application is made on the grounds that compelling reasons exists to seal the Baptiste TRO Application under applicable law, including that its contents violate the express terms of an active Civil Harassment Restraining Order issued by the San Mateo Superior Court on March 6, 2023 (the "Restraining Order"). *See* Declaration of Kyle Batter, Exhibit A at 4,7. This is the second application to seal required by Baptiste's flouting of the Restraining Order. On April 6, 2023, this Court issued an Order provisionally granting Mr. Goguen's application to seal the complaint on the basis that its contents violated the Restraining Order and further Ordered Mr. Goguen to prepare and docket a redacted version of the Complaint for the public docket. ECF. No. 9. On April 13, 2023, the Court accepted the proposed redactions to the Complaint and granted Mr. Goguen's application to file the unredacted Complaint under seal. ECF No. 11. The next day the Court ordered Baptiste to show cause why the action should not be dismissed as "frivolous or malicious" and for failure to state a viable cause of action. ECF No. 12 ("Order to Show Cause"). The Order to Show Cause specifically admonished Baptiste that her filing must not "include any sexually explicit or salacious content of any kind, and must not reference (directly or indirectly) statements that are subject to the [Restraining Order]." *Id.*

Like the Complaint, the Baptiste TRO Application contains numerous statements in clear violation of the Restraining Order. As this Court has recognized through its previous orders, the presumption of public access attached to a pleading

is overridden where, as here, the "files might have become a vehicle for improper purposes," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), or are used to "promote public scandal, circulate libelous statements, or release trade secrets," *Johnson v. Cnty of San Bernardino*, No. EDCV 18-1121-GW-AFMX, 2021 WL 9720772, at *1 (C.D. Cal. Mar. 30, 2021) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

Counsel contacted Baptiste regarding her violations of the Restraining Order, informed her that the Baptiste TRO Application constitutes a violation, and provided notice of this *ex parte* application pursuant to Local Rule 7-19, using the email address listed on the Complaint. Baptiste has not responded as of the time of filing, but presumably opposes. *See* Declaration of Kyle Batter, ¶ 4 & Ex. B.

DATED: April 18, 2023                QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Diane M. Doolittle
   *Attorneys for Defendant Michael Lewis Goguen*

**TABLE OF CONTENTS**

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

PRELIMINARY STATEMENT ................................................................................ 1

BACKGROUND ........................................................................................................ 1

ARGUMENT .............................................................................................................. 2

CONCLUSION ........................................................................................................... 5

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Cat Coven LLC v. Shein Fashion Grp., Inc.*,
   No. 2:19-cv-07967-PSG-GJS, 2019 WL 10856813 (C.D. Cal. Dec. 20, 2019) .................................................................................................. 1, 2, 5

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ..................................................................................... 2

*Hagestad v. Tragesser*,
   49 F.3d 1430 (9th Cir. 1995) .................................................................. 3, 4

*Johnson v. Cnty of San Bernardino*,
   No. EDCV 18-1121-GW-AFMX, 2021 WL 9720772 (C.D. Cal. Mar. 30, 2021) (quoting Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) ........................................................................... ii, 2, 5

*Kamakana v. City & Cnty. of Honolulu*,
   447 F.3d 1172 (9th Cir. 2006) .............................................................. ii, 2

*Nixon v. Warner Commc'ns, Inc.*,
   435 U.S. 589 (1978) ........................................................................ ii, 1, 2, 5

*Pineda-Zelaya v. Mank*,
   No. 522CV01917MCSAFM, 2022 WL 19076801 (C.D. Cal. Nov. 1, 2022) ........................................................................................................... 5

*Winter v. Nat. Res. Def. Council, Inc.*,
   555 U.S. 7 (2008) ....................................................................................... 5

**Rules and Regulations**

Local Rule 7-19 ................................................................................................ i, ii

# MEMORANDUM OF POINTS AND AUTHORITIES
# PRELIMINARY STATEMENT

The legal and factual issues presented by this application are the very same as those set forth in Mr. Goguen's *ex parte* application to seal the Complaint (ECF No. 5), which was granted by this Court. *See* ECF Nos. 9 & 11. Here, again, Baptiste's papers constitute a clear violation of the March 6, 2023 Civil Harassment Restraining Order issued by the Superior Court of California, San Mateo County (the "Restraining Order"), which enjoins Baptiste from repeating "false and defamatory statements, under her own name or under any pseudonym" that she had previously made against Mr. Goguen.[1] Like the Complaint, the Baptiste TRO Application is deficient on numerous grounds and, whether by motion or *sua sponte* action from the Court, is likely be denied in due course. Indeed, Baptiste has already been ordered to show cause why the case should not be dismissed. ECF. No. 12. Baptiste's continuing attempts to use of this Court's public docket to broadcast salacious, false, defamatory, and debunked allegations will cause, and is causing, irreparable harm to Mr. Goguen. An Order sealing the Baptiste TRO Application will alleviate that harm and is supported by "compelling reasons." "Compelling reasons to seal are generally found where documents, if made part of the public record, 'might … become a vehicle for improper purposes.'" *Cat Coven LLC v. Shein Fashion Grp., Inc.* No. 2:19-cv-07967-PSG-GJS, 2019 WL 10856813, at *1 (C.D. Cal. Dec. 20, 2019) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Baptiste's continuing violation of the Restraining Order remains an "improper purpose" justifying relief.

# BACKGROUND

For efficiency before this Court and out of respect for judicial resources, Mr. Goguen incorporates the factual background leading up to the issuance of the

---

[1] A copy of the Restraining Order is attached as Exhibit A to the Declaration of Kyle Batter ("Batter Declaration"), filed concurrently herewith.

Restraining Order from his April 5, 2023 filing. *See* ECF No. 5 at 2-4. On March 28, 2023 Baptiste filed her Complaint. ECF No. 1. Because the contents of the Complaint contained numerous violations of the Restraining Order, Mr. Goguen requested that it be placed under seal and this Court granted that request. *See* ECF Nos. 5, 9 & 11. On April 14, 2023, the Court issued the Order to Show Cause. ECF No. 12. On Monday, April 17, 2023, Baptiste filed the Baptiste TRO Application on this Court's public docket. ECF No. 13 (TRO Application) & ECF No. 14 (Declaration of Amber Baptiste).

## ARGUMENT

Notwithstanding a general presumption of public access to judicial filings, it is "uncontested . . . that the right to inspect and copy judicial records is not absolute." *Nixon*, 435 U.S. at 598. Rather, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes," including filings "used to gratify spite or promote public scandal." *Id.* (internal citations omitted). This authority follows from the bedrock principle that "certain implied powers must necessarily result in our Courts of justice from the nature of their institution." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal citations omitted). A "party satisfies its burden for sealing documents … when the party presents compelling reasons supported by specific factual findings." *Cat Coven LLC*, 2019 WL 10856813, at *1 (internal citations omitted). Compelling reasons "are generally found where documents, if made part of the public record, '***might … become a vehicle for improper purposes***,'" *Id.* (quoting *Nixon*, 435 U.S. at 598 (emphasis added)), or where the documents would "promote public scandal, ***circulate libelous statements***, or release trade secrets," *Johnson v. Cnty of San Bernardino*, No. EDCV 18-1121-GW-AFMX, 2021 WL 9720772, at *1 (C.D. Cal. Mar. 30, 2021) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (emphasis added)). A court must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture," but the decision on

whether to seal remains "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (internal citations omitted).

Like the Complaint, the Baptiste TRO Application contains a host of statements which violate the Restraining Order.

- Whereas the Restraining Order prohibits Batiste from asserting that Mr. Goguen "raped, sodomized, or abused Baptiste or any other women," (Ex. A, at 8) the Baptiste TRO Application asserts that: he "has thousands of girls and women transported around the world for the purposes of rape, commercial sex acts, sexual abuse" (ECF No. 13 at 11); he "has caused severe and irreparable injury to Ambers body on multiple occasions" (*id.*); he "raped [Baptiste] in a hotel in London, England in 2012)" (*id.* at 16), and; he is "a serial rapist pedophile human trafficker who routinely rapes abuses and exploits girls and women" (ECF No. 14 at 146.).

- Whereas the Restraining Order prohibits Baptiste from asserting that Mr. Goguen "engaged in human trafficking, sex trafficking, sex slavery, or child sex tourism," (Ex. A, at 8) the Baptiste TRO Application asserts that: "The Gang and Michael L. Goguen … were the original traffickers" (ECF No. 13 at 7); "Goguen[,] a Sex trafficker by the very definition[,] has thousands of girls and women transported around the world for the purposes of rape, commercial sex acts, sexual abuse and intentionally inflects his slaves with his STDs" (*id.* at 11) "Michael Goguen is a SEX TRAFFICKER" (*id.* at 12) and; "Amber is currently being trafficked and stalked by all of Goguens lawyers agents and associates" (*id.* at 21).

- Whereas the Restraining Order prohibits Baptiste from asserting that Mr. Goguen "committed or solicited murder," (Ex. A, at 8) the Complaint

asserts that: "Michael Goguen solicited Matthew Marshall first for Amber's murder" (ECF No. 13 at 40); Goguen has "tried multiple times to get me alone for examinations and to bring 'discovery' by my myself to Quinn Emanuel offices while Michael Goguen has solicited my murder her had two companied that manufacture weapons of mass destruction" (*id.* at 101), and; "[t]he stalking and solicitation of Plaintiffs murder will only stop with a Permanent Life Long Restraining order …. [Goguen], his agents, henchmen, colleagues, lawyers, Investigators and accountants have proven time and time again that will stop their criminal activity only when plaintiff is dead" (*id.* at 4).

- Whereas the Restraining Order prohibits Baptiste from asserting that Mr. Goguen "bribed the court, attorneys or law enforcement," (Ex. A, at 8) the Baptiste TRO Application asserts that: "Hon. Danny Chao was bribed and tampered with by Goguen and Quinn Emanuel" (ECF No. 13 at 98); "Michael Goguen believes he can just pay and make every crime co commits be covered up by government authorities" (*id.* at 20), and; "I do not know how much bribe money has been paid by Goguen … to witnesses" (*id.* at 44).

- And, whereas the Restraining Order prohibits Baptiste from asserting that Mr. Goguen "tampered with evidence to hide his crimes," (Ex. A, at 8) the Complaint Asserts that: "Amber does not know why Michael Goguen and his agents are tampering with Terrorism lists and US immigration the CIA the FBI and the Police" (ECF No. 13 at 31-32).

Again, for the avoidance of any doubt, all of these claims are false. But what matters for purposes of this application to seal is that they are improper, libelous, and prohibited by the Restraining Order. Sealing the Baptiste TRO Application is necessary to prevent Baptiste from using the power of this Court's public docket to spread incendiary claims that have already been determined to be false and

defamatory. Sealing the Baptiste TRO Application (like sealing the Complaint) does not prevent Baptiste from petitioning the Court for relief; it simply removes Baptiste's false and defamatory statements from the public docket while the Court assesses the filings on their (lacking) merits. And here, the lack of merit is clear. While Baptiste styles her application as one for a temporary restraining order, it simply re-states positions from her Complaint and makes no effort to show why any of the factors for a temporary restraining order or preliminary injunction are satisfied. *See Pineda-Zelaya v. Mank,* No. 522CV01917MCSAFM, 2022 WL 19076801, at *1 (C.D. Cal. Nov. 1, 2022) (denying *pro se* request for temporary restraining order where movant "offers virtually no showing probative of any of the *Winter* factors"); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). At minimum, preventing Baptiste from openly flouting the Restraining Order with such claims constitutes a "compelling reason" to seal. *See Johnson*, 2021 WL 9720772, at *1; *Kamakana* 447 F.3d at 1179; *Cat Coven LLC*, 2019 WL 10856813, at *1; *Nixon*, 435 U.S. at 598.

## CONCLUSION

For the foregoing reasons, Mr. Goguen respectfully requests that the Court grant this *ex parte* application and direct the Clerk of Court to seal ECF No. 13 (TRO Application) and ECF No. 14 (Declaration of Amber Baptiste). Mr. Goguen respectfully requests that the Court issue an interim Order sealing the Baptiste TRO Application in its entirety and affording Mr. Goguen an opportunity to provide redactions consistent with the Restraining Order—the same protocol adopted by this Court in response to the application to seal the Complaint.

| | | |
|---|---|---|
| 1 | DATED: April 18, 2023 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | |
| 4 | | By: */s/ Diane M. Doolittle* |
| 5 | | Diane M. Doolittle |
| 6 | | *Attorneys for Defendant Michael Lewis Goguen* |