QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Bruce E Van Dalsem (Bar No. 124128)
  brucevandalsem@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443 3000
Facsimile:   (213) 443 3100

  Diane M. Doolittle (Bar No. 142046)
  dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER DOE,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL LEWIS GOGUEN et al.,<br><br>            Defendants. | Case No. 2:23-cv-02280-MEMF-SK<br><br>Hon. Maame Ewusi-Mensah Frimpong<br>Referral: Hon. Steve Kim<br><br>**DEFENDANT MICHAEL LEWIS GOGUEN'S *EX PARTE* APPLICATION FOR ORDER SEALING AMBER DOE'S FILINGS AT ECF NOS. 23, 25, 27, 28, 30, 30-1, 30-2, 30-3, 30-4, 30-5, and 31**<br><br>[[Proposed] Order and Declaration of Kyle Batter submitted concurrently herewith] |

## *EX PARTE* APPLICATION

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7-19, Defendant Michael Lewis Goguen, hereby applies *ex parte* for an order sealing Plaintiff Amber Doe's filings in this matter at ECF Nos. 23, 25, 27, 28, 30, 30-1, 30-2, 30-3, 30-4, 30-5, and 31 (collectively, "Baptiste's Filings").

This application is made on the grounds that compelling reasons exists to seal Baptiste's Filings under applicable law, including that their contents violate the express terms of an active Civil Harassment Restraining Order issued by the San Mateo Superior Court on March 6, 2023 (the "Restraining Order"). (Declaration of Kyle Batter filed herewith, Exhibit A.) This is the *third* application to seal required by Baptiste's flouting of the Restraining Order. The Court has granted the two other applications. (ECF Nos. 9, 17.)

Specifically, on April 6, 2023, this Court issued an Order granting Goguen's application to seal Baptiste's Complaint on the basis that its contents violate the Restraining Order and further Ordered Goguen to prepare a redacted version of the Complaint for the public docket. (ECF No. 9.) On April 13, 2023, the Court accepted the proposed redactions to the Complaint and granted Goguen's application to file the unredacted Complaint under seal. (ECF No. 11.) The next day, the Court ordered Baptiste to show cause why her Complaint should not be dismissed as "frivolous or malicious" and for failure to state a viable cause of action ("Order to Show Cause") (ECF No. 12). The Order to Show Cause specifically admonished Baptiste that her filing must not "include any sexually explicit or salacious content of any kind, and must not reference (directly or indirectly) statements that are subject to the [Restraining Order]." (*Id.*)

Like the Complaint, Baptiste's Filings here contains numerous statements in clear violation of the Restraining Order. As this Court has recognized through its previous orders, the presumption of public access attached to a pleading is overridden

where, as here, the "files might have become a vehicle for improper purposes," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), or are used to "promote public scandal, circulate libelous statements, or release trade secrets," *Johnson v. Cnty of San Bernardino*, 2021 WL 9720772, at *1 (C.D. Cal. Mar. 30, 2021) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

Counsel contacted Baptiste regarding her violations of the Restraining Order, informed her that Baptiste's Filings constitute a violation, and provided notice of this *ex parte* application. (Batter Decl., Ex. B.)

DATED: May 16, 2023           QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  /s/ Bruce Van Dalsem
     *Attorneys for Defendant Michael Goguen*

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

PRELIMINARY STATEMENT ...................................................................................... 1

BACKGROUND ................................................................................................................ 2

I.    Goguen Prevailed Against Baptiste in the San Mateo Superior Court ............. 2

II.    Baptiste Filed a False and Retaliatory Complaint .............................................. 2

III.    The Court Issued an Order to Show Cause ........................................................ 3

IV.    Baptiste Failed to Comply with the Court's Order to Show Cause ................. 3

V.    Baptiste's Additional Filings Violate the Restraining Order ............................ 5

ARGUMENT ....................................................................................................................... 6

CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Cat Coven LLC v. Shein Fashion Grp., Inc.*,
   2019 WL 10856813 (C.D. Cal. Dec. 20, 2019) ................................................ 1, 6, 7

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) .................................................................................................. 6

*Hagestad v. Tragesser*,
   49 F.3d 1430 (9th Cir. 1995) ................................................................................... 6

*Johnson v. Cnty of San Bernardino*,
   2021 WL 9720772 (C.D. Cal. Mar. 30, 2021) ..................................................... 6, 7

*Kamakana v. City & Cnty. of Honolulu*,
   447 F.3d 1172 (9th Cir. 2006) .............................................................................. 6, 7

*Nixon v. Warner Commc'ns, Inc.*,
   435 U.S. 589 (1978) ........................................................................................ 1, 6, 7

**Rules and Regulations**

Local Rule 7-19 ............................................................................................................. 1

# MEMORANDUM OF POINTS AND AUTHORITIES

# PRELIMINARY STATEMENT

For years, Amber Baptiste has incessantly harassed Michael Goguen and published false and defamatory statements about him. As a result, the San Mateo Superior Court has issued not one, but two restraining orders against Baptiste. Evidently displeased with those orders, Baptiste filed a Complaint in the Central District of California, bringing more than 240 claims against nearly 200 defendants, including Goguen. Baptiste's Complaint is nothing more than a vehicle to improperly repeat all of her incendiary statements about Goguen that the San Mateo Superior Court found—after a trial on the merits—are false, and that the court restrained her from making.

The legal and factual issues presented by this application are the very same as those set forth in Goguen's prior *ex parte* application to seal the Complaint (ECF No. 5) and application to seal Baptiste's TRO Application (ECF No. 16), both of which were granted by this Court. (ECF Nos. 9, 17). Here again—for the third time—Baptiste's papers (specifically her filings at ECF Nos. 23, 25, 27, 28, 30, 30-1, 30-2, 30-3, 30-4, 30-5, and 31 (collectively, "Baptiste's Filings")) constitute a clear violation of the Restraining Order issued by the San Mateo Superior Court (the "Restraining Order"), which enjoins Baptiste from repeating "false and defamatory statements, under her own name or under any pseudonym" that she had previously made against Goguen. Baptiste's continuing attempts to use this Court's public docket to broadcast salacious, false, defamatory, and debunked allegations will cause, and is causing, irreparable harm to Goguen. An Order sealing Baptiste's Filings will alleviate that harm and is supported by "compelling reasons." "Compelling reasons to seal are generally found where documents, if made part of the public record, 'might … become a vehicle for improper purposes.'" *Cat Coven LLC v. Shein Fashion Grp., Inc.* 2019 WL 10856813, at *1 (C.D. Cal. Dec. 20, 2019) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Baptiste's continuing violation of the

Restraining Order remains an "improper purpose" justifying relief.

## BACKGROUND

### I. Goguen Prevailed Against Baptiste in the San Mateo Superior Court

On March 8, 2016, Baptiste filed a complaint in the San Mateo Superior Court against Goguen for breach of contract. (Batter Decl., ¶ 2.) On March 14, 2016, Goguen filed a cross-complaint for, among other things, extortion, fraud, and a civil restraining order. (*Id.*) Following a trial on the merits, the San Mateo Superior Court issued its Final Statement of Decision on January 24, 2020, finding that Baptiste extorted and defrauded Goguen. (*Id.*) The San Mateo Superior Court also found in Goguen's favor on his claim for the issuance of a civil harassment restraining order, where the Court ordered that Baptiste was restrained from repeating eighteen enumerated false and defamatory statements. (*Id.*) On March 6, 2023, following Goguen's application to renew the restraining order, and for good cause shown, the San Mateo Superior Court issued the renewed Restraining Order. (*Id.*, Ex. A.)

### II. Baptiste Filed a False and Retaliatory Complaint

Baptiste filed her Complaint in this action on March 28, 2023, only weeks after the San Mateo court granted Goguen's application for the renewed Restraining Order. (ECF No. 1.) Baptiste's retaliatory 1,753-page *pro se* Complaint purports to bring 244 claims against more than 150 named defendants (Baptiste continually purports to add additional defendants by email, so the number is constantly increasing). The defendants include Goguen, numerous judges throughout the country (including Judge Danny Chou of the San Mateo Superior Court), the United States of America, Orange County, the U.S. Mint, the NFL, Microsoft, BMW, Ford, Mercedes, Boeing, GMC, Tesla, Chevron, Apple Music, Bill Gates, Jeff Bezos, "Cruise Ships," "Rock Stars," the list goes on. (*Id.* at 3-19.)

The Complaint and its attachments contain numerous false allegations about Goguen that are subject to the Restraining Order. Since filing her Complaint, Baptiste has circulated it via email to dozens of individuals, further violating the Restraining

Order and exacerbating the harm to Goguen. (Batter Decl., ¶ 4.) Because the contents of Baptiste's Complaint contained numerous violations of the Restraining Order, Goguen requested that it be placed under seal and the Court granted the request. (ECF Nos. 5, 9 & 11.)[1]

### III. The Court Issued an Order to Show Cause

On April 14, 2023, the Court issued an Order to Show Cause as to why Baptiste's Complaint should not be "dismissed because the complaint is 'frivolous or malicious,' 'fails to state a claim on which relief may be granted,' and 'seeks monetary relief against a defendant who is immune from such relief.'" (ECF No. 12.) The Court ordered that Baptiste respond by April 28, and that her response "*must not reference* (directly or indirectly) statements that are the subject of the civil harassment restraining order issued by the San Mateo County Superior Court on March 6, 2023." (*Id.* (emphasis added).) The Court made clear that "[f]ailure to comply with these instructions . . . *will* lead to involuntary dismissal of the action for lack of prosecution and violating court orders." (*Id.* (emphasis added).)

### IV. Baptiste Failed to Comply with the Court's Order to Show Cause

On April 28, 2023, Baptiste filed a response ("Baptiste's Response" at ECF 23), but it does not comply with the Court's Order to Show Cause. As an initial matter, Baptiste's Response (1) did not articulate how her Complaint is not frivolous or malicious, (2) did not articulate how each of her 244 claims are properly plead (i.e., she did not explain how her claims do not fail to state a claim on which relief may be granted), and (3) did not articulate how her Complaint can permissibly seek monetary relief against those defendants who are immune from such relief. Additionally,

---

[1] That was not the only time the Court sealed Baptiste's filings for violating the Restraining Order. On Monday, April 17, 2023, Baptiste filed what she purported was a TRO application. (ECF Nos. 13, 14.) Because, like the Complaint, the contents of the application and supporting papers contained numerous violations of the Restraining Order, Goguen requested that they be placed under seal and the Court granted the request. (ECF Nos. 16, 17, & 19.)

Baptiste's Response continually and impermissibly made false allegations that are the subject of the Restraining Order. Specifically, Baptiste's Response contains the following statements, each of which violates the Restraining Order and the Court's Order to Show Cause in this action:

- Notwithstanding that the Restraining Order prohibits Baptiste from falsely claiming that "Goguen engaged in human trafficking [or] sex trafficking" (Batter Decl., Ex. A at Attachment 11), Baptiste's Response falsely claims that (1) Goguen engages in "trafficking and victimization of girls and women," (2) Goguen engages in a "Sex trafficking conspiracy," (3) Goguen is "her trafficker and abuser," (4) Goguen is a "notorious human trafficker and predator of girls and women," (5) Goguen is "an International Sex trafficker," (6) "traffickers like Goguen" are allowed "to operate covertly for decades," and (7) Baptiste will have Goguen "Extradited under the laws of Canada And the United Kingdom where he trafficked and Violated Amber as a victim of his Sex trafficking conspiracy." (ECF No. 23 at 6, 7, 8, 9, 10, 11.)

- Notwithstanding that the Restraining Order prohibits Baptiste from falsely claiming that "Goguen stalked or harassed Baptiste" (Batter Decl., Ex. A at Attachment 11), Baptiste's Response falsely claims that "defendants relentlessly stalk Amber and Post men at the PO box to harass and intimidate Amber for the last 9 years," and Goguen has hired investigators to engage in "relentless stalking[,] intimidation[,] and malice." (ECF No. 23 at 11.)

- Notwithstanding that the Restraining Order prohibits Baptiste from falsely claiming that "Goguen kept Baptiste as a sex slave" (Batter Decl., Ex. A at Attachment 11), Baptiste's Response falsely claims that she was "being held captive in plain sight by her trafficker and abuser [Goguen]." (ECF No. 23 at 11.)

- Notwithstanding that the Restraining Order prohibits Baptiste from falsely

claiming that "Goguen raped, sodomized, or abused Baptiste" (Batter Decl., Ex. A at Attachment 11), Baptiste's Response falsely claims that she "needs two major surgeries to attempt to repair her body from the grievous bodily injuries caused by Defendant [Goguen] and his agents." (ECF No. 23 at 9.)

- Notwithstanding that the Restraining Order prohibits Baptiste from falsely claiming that "Goguen bribed the Court, attorneys, or law enforcement" (Batter Decl., Ex. A at Attachment 11), Baptiste's Response falsely claims that various judges accepted "bribes from defendant [Goguen] and his agents, allowed a fake trial to proceed and signed away Ambers life, liberty and freedom to her trafficker and abuser for all time"; "Judges and law enforcement are arms of the government they are not immune for being investigated by the Department of Justice they have no immunity when committing crimes and taking bribes from powerful defendants"; and "Amber did not state that the Judges made a legal error, she stated they were bribed by the defendant [Goguen] and his lawyers that are relentless in their criminality." (ECF No. 23 at 6, 8, 9.)

Baptiste's Response thus violates the Court's Order that her response "*must not reference* (directly or indirectly) statements that are the subject of the civil harassment restraining order issued by the San Mateo County Superior Court on March 6, 2023." (ECF No. 12 (emphasis added).) Consistent with the Court's directive that Baptiste's "[f]ailure to comply with these instructions . . . *will* lead to involuntary dismissal of the action for lack of prosecution and violating court orders," Baptiste's Complaint should be dismissed with prejudice. (*Id.* (emphasis added).)

## V.     Baptiste's Additional Filings Violate the Restraining Order

Since filing her deficient Response to the Court's Order to Show Cause (ECF No. 23), Baptiste has filed *thousands* of additional pages of documents that violate the Restraining Order. (ECF Nos. 25, 27, 28, 30, 30-1, 30-2, 30-3, 30-4, 30-5, and 31 (with ECF No. 23, "Baptiste's Filings").) Baptiste's Filings falsely claim—in direct

contravention of the Restraining Order—that Goguen "is a rapist a trafficker a pedophile and a serial rapist and a murderer" (ECF No. 28 at 49; *see also id.* at 69, 119, 149, 233; ECF No. 30 at 2; ECF No. 31 at 2); "Goguen solicited . . . Amber's murder" (ECF No. 28 at 51; *see also id.* at 88, 89, 112, 117, 118, 121; ECF No. 30 at 95, 98; ECF No. 31 at 2); Goguen is a "Serial rapist, trafficker, pedophile and psychopath" (ECF No. 25 at 3; *see also id.* at 32; ECF No. 27 at 5; ECF No. 28 at 7, 18, 21, 22, 32); "Amber Doe remains enslaved to her trafficker Michael Lewis Goguen" (ECF No. 30 at 2; ECF No. 31 at 2); "Michael Goguen is a SEX TRAFFICKER" (ECF No. 28 at 23; *see also id.* at 32; ECF No. 30-1 at 5); "Goguen hired [third parties] to stalk Amber Doe" (ECF No. 25 at 3; *see also* ECF No. 28 at 5, 28, 32, 35, 37, 45, 46, 119; ECF No. 30 at 2, 76; ECF No. 31 at 2); Goguen "intentionally infects his slaves with STDS," (ECF No. 28 at 22; *see also id.* at 34, 37; ECF No. 30 at 70, 81); Goguen's wife is a "Las Vegas prostitute" (ECF No. 30-1 at 1); Goguen "violated and raped Amber Doe" (ECF No. 25 at 3; *see also* ECF No. 28 at 18, 22, 27, 31, 32, 35); Goguen has engaged in "bribery of the judiciary" and "bribery of law enforcement" (ECF No. 28 at 5; *see also id.* at 112, 127, 247, 294, 297; ECF No. 30 at 2, 3; ECF No. 31 at 2); "Hon. Danny Chao was bribed and tampered with By Goguen and Quinn Emanuel" (ECF No. 28 at 109; ECF No. 30 at 153).[2]

## ARGUMENT

Notwithstanding a general presumption of public access to judicial filings, it is "uncontested . . . that the right to inspect and copy judicial records is not absolute." *Nixon*, 435 U.S. at 598. Rather, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes," including filings "used to gratify spite or promote

---

[2] This non-exhaustive list represents a *tiny* fraction of the *thousands* of statements by Baptiste in her recent Filings that violate the Restraining Order and this Court's Order to Show Cause.

public scandal." *Id.* (internal citations omitted). This authority follows from the bedrock principle that "certain implied powers must necessarily result in our Courts of justice from the nature of their institution." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal citations omitted). A "party satisfies its burden for sealing documents … when the party presents compelling reasons supported by specific factual findings." *Cat Coven LLC*, 2019 WL 10856813, at *1 (internal citations omitted). Compelling reasons "are generally found where documents, if made part of the public record, '*might … become a vehicle for improper purposes*,'" *Id.* (quoting *Nixon*, 435 U.S. at 598 (emphasis added)), or where the documents would "promote public scandal, *circulate libelous statements*, or release trade secrets," *Johnson v. Cnty of San Bernardino*, 2021 WL 9720772, at *1 (C.D. Cal. Mar. 30, 2021) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (emphasis added)). A court must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture," but the decision on whether to seal remains "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (internal citations omitted).

Like her Complaint and TRO Application—both sealed by the Court—Baptiste's Filings contain thousands of statements that violate the Restraining Order. (*See Supra* at 4-6.) For the avoidance of any doubt, all of these claims are false. But what matters for purposes of this application to seal is that they are improper, libelous, and prohibited by the Restraining Order. Sealing Baptiste's Filings are necessary to prevent Baptiste from using the power of this Court's public docket to spread incendiary claims that have already been determined to be false and defamatory. Of course, sealing these filings does not prevent Baptiste from properly petitioning the Court for relief; it simply removes Baptiste's false and defamatory statements from the public docket while the Court assesses the filings on their (lack of) merit. At minimum, preventing Baptiste from openly flouting the Restraining Order with such

claims constitutes a "compelling reason" to seal. *See Johnson*, 2021 WL 9720772, at *1; *Kamakana* 447 F.3d at 1179; *Cat Coven LLC*, 2019 WL 10856813, at *1; *Nixon*, 435 U.S. at 598.

## CONCLUSION

For the foregoing reasons, Goguen respectfully requests that the Court grant this *ex parte* application and direct the Clerk of Court to seal ECF Nos. 23, 25, 27, 28, 30, 30-1, 30-2, 30-3, 30-4, 30-5, and 31. Goguen respectfully requests that the Court seal these filings in their entirety and afford Goguen an opportunity to provide redactions consistent with the Restraining Order—the same protocol adopted by the Court in response to the application to seal Baptiste's Complaint and TRO application.

Further, consistent with the Court's directive that Baptiste's "[f]ailure to comply with these instructions [in the Order to Show Cause] . . . *will* lead to involuntary dismissal of the action for lack of prosecution and violating court orders," Baptiste's Complaint should be dismissed with prejudice. (ECF No. 12 (emphasis added).)

DATED: May 16, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Bruce Van Dalsem*
   Bruce Van Dalsem
   *Attorneys for Defendant Michael Goguen*